IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

No. 08-30861
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM L FRANKLIN, also known as Sealed Defendant 1,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:03-CR-211-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant William Franklin appeals the district court's order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2). Specifically, Franklin argues that the district court erred in its calculation of his sentence reduction, in failing to reference the 18 U.S.C. § 3553(a) factors in its sentence reduction order, and in failing to give Franklin an opportunity to respond to public safety considerations raised by the court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2005, Franklin, a convicted felon, pled guilty to one count of possession of a firearm, one count of possession with intent to distribute cocaine base ("crack" cocaine), and one count of marijuana possession. Franklin's presentence report recommended 70 to 87 months imprisonment, based on his total offense level of 25 and his level III criminal history category. The district court sentenced Franklin to 87 months, noting that a sentence at the upper end of the Guidelines range was appropriate given his past offenses and the nature of his present offenses.

In 2008, based on the United States Sentencing Commission's retroactive reduction in the offense levels for crack cocaine offenses, the district court *sua sponte* filed a notice of motion to determine Franklin's potential eligibility for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. The probation officer's retroactive Guidelines report reduced Franklin's new offense level two levels to 23, which, with a criminal history category of III, yielded a Guidelines range of 57 to 71 months imprisonment. The district court summarily granted the motion but reduced Franklin's offense level by only one level to 24, or a Guidelines range of 63 to 78 months imprisonment. The court resentenced Franklin to 78 months. The court checked the box on the order noting that the reduced sentence was "within the amended guideline range," and added as an additional comment that the "[i]nstant offense involved the presence of a firearm." Franklin now appeals, arguing that the district court incorrectly calculated his sentence by reducing Franklin's offense level by only one level rather than two, as required by the amended Guidelines. He also argues that the court failed to mention the § 3553(a) sentencing factors in his resentencing order and failed to give him an opportunity to respond to or contest any public safety considerations.

We review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.

2

1995). We review a district court's interpretation of the Guidelines *de novo*, and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Franklin contends that the district court was obligated to determine his offense level as if amended Guidelines § 2D1.1(c)(8) had been in effect at the time of his original sentencing hearing, and that therefore the district court's reduction of his offense level by one rather than two levels was improper. Sentence "reductions under 18 U.S.C. § 3582(c)(2) are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009); *see also* 18 U.S.C. § 3582(c)(2) (stating that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable") (emphasis added). Indeed, courts are under no obligation to reduce a sentence pursuant to § 3582(c)(2). *See, e.g.*, *Whitebird*, 55 F.3d at 1010 (affirming a district court's denial of defendant's § 3582(c)(2) motion to reduce sentence).

Guideline § 1B1.10(b)(1) states that in determining whether a sentencing reduction pursuant to § 3582(c)(2) is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." Here, the district court erroneously noted on the resentencing order that "[t]he reduced sentence is within the guideline range" when, in fact, it was not. The retroactive Guidelines report correctly found that Franklin's new offense level was 23, with a criminal history category of III and a sentence range of 57 to 71 months. Instead of conforming its decision to the report, the district court indicated that Franklin's new offense level was 24, with a criminal history category of III and a sentence range of 63 to 78 months.

The Government argues that the court was entitled to vary upward from Franklin's Guidelines sentence in its consideration of the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2). The Government points to the district court's notation on the order that the "[i]nstant offense involved possession of a firearm" to show the court's consideration of "the nature and circumstances of the offense" and to support its upward departure from the new Guidelines range. However, if the district court were departing from the Guidelines based on § 3553(a) factors, it should have indicated that it was sentencing outside the amended Guidelines range by checking "Other" under "Sentence Relative to Amended Guideline Range" on the sentence reduction order. Instead, the district court incorrectly stated that Franklin's sentence reduction to 78 months was "within the amended guideline range," when it plainly was not.

Accordingly, we VACATE the district court's sentence reduction order and REMAND this case for re-sentencing pursuant to the correct amended sentencing range for Franklin's convictions. As we are vacating and remanding on other grounds, we decline to reach Franklin's arguments that the district court improperly failed to mention the § 3553(a) sentencing factors in his sentencing reduction order and failed to give him an opportunity to respond to or contest any public safety considerations.

VACATED and REMANDED.