# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

No. 08-31013
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAWRENCE LEE CHATMAN, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CR-10014-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Lawrence Lee Chatman, Jr., federal prisoner # 12274-035, appeals the sentence imposed by the district court after granting his 18 U.S.C. § 3582(c)(2) motion for reduced sentence based on the United States Sentencing Commission's retroactive amendment to the base-offense levels for crack-cocaine offenses. Although the court determined that Chatman was subject to an amended-guidelines range of 120 to 135 months, the court only reduced his sentence from 144 to 140 months' imprisonment. In doing so, the court indicated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly that the reduced sentence was within the amended-guidelines range and indicated that the amount of the reduction was directly affected by Chatman's "poor post-incarceration record".

A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion; its interpretation of the Guidelines, *de novo*. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Chatman claims the district court abused its discretion when it reduced his sentence to a term of imprisonment that constituted an upward deviation from the amended-guidelines range, while erroneously concluding that the reduced sentence was within the amended range. He maintains the sentence reduction was based solely on his post-incarceration record, without reference to any of the 18 U.S.C. § 3553(a) factors and without taking into account his administrative punishment for his disciplinary infractions.

District courts are under no obligation to reduce a defendant's sentence pursuant to § 3582(c)(2). *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). In exercising its discretion to grant Chatman's § 3582(c)(2) motion, however, the district court, as noted, checked a box on the pre-printed order indicating that the sentence imposed was within the amended-guidelines range. If the district court intended to depart from the amended-guidelines range, it should have indicated it was doing so by checking the box labeled "Other". *See United States v. Franklin*, No. 08-30861, 2009 WL 4884963, at *2 (5th Cir. 18 Dec. 2009) (unpublished). Instead, the district court erroneously indicated that Chatman's reduced sentence was "within the amended guideline range", when it plainly was not.

VACATED and REMANDED.