# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2010

Charles R. Fulbruge III
Clerk

No. 08-50441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRAIG DUANE HARRELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-76-ALL

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Craig Duane Harrell, federal prisoner # 27382-180, appeals from the grant of his 18 U.S.C. § 3582(c)(2) motion, which reduced the sentence he is serving for the offense of aiding and abetting the possession with intent to distribute five grams or more of cocaine base (crack cocaine) to a term within the amended guidelines range. His sole contention is that the district court abused its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion by failing to reduce his sentence to the bottom (instead of only to slightly below the midpoint) of the lowered guideline range.[1]

The decision whether, and to what extent, to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667 (5th Cir. 2009). Under that well-established standard, we may not substitute our judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Rita v. United States*, 551 U.S. 338, 364 (2007).

The district court stated that it had considered the 18 U.S.C. § 3553(a) factors in reducing Harrell's sentence from 100 months to 92 months and stated its belief that the 92-month sentence would meet the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2) and be appropriate in Harrell's case.[2] The court also considered public safety and Harrell's post-sentencing conduct in determining the extent of the reduction. Thus, the court acted in accordance with U.S.S.G. § 1B1.10, comment. (n.1(b)), in determining the extent of the reduction. Additionally, the district court considered the Government's arguments against any reduction and Harrell's arguments that he should be sentenced at the bottom of the amended guidelines range, that he had served 50 months of his sentence with no problems at all, and that his criminal history had been considered at the time of his original sentence. The district court did not abuse its discretion in determining the extent of the reduction. *See Evans*, 587

---

[1]Before the district court, the government, though conceding that Harrell was eligible for sentence reduction, took the position that as a matter of the district court's discretion he should be denied any reduction.

[2]Harrell's August 2004 sentence for his conviction of aiding and abetting possession of five grams or more of crack cocaine with intent to distribute carried a 2003 guideline range of 100 to 125 months. His April 2008 sentence reduction under § 3582(c)(2) applied the retroactively calculated guideline range of the lowered crack cocaine guidelines, which produced a range of 84 to 105 months. There is no challenge to the correctness of these guideline ranges. At the April 2008 proceeding and on appeal Harrell has been represented by appointed counsel.

F.3d at 672; *see also United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Harrell essentially asks this court to substitute his assessment of the factors for that of the district court, which we will not do. *See Rita*, 551 U.S. at 364.[3]

AFFIRMED.

---

[3]We reject the government's contention that the extent of the reduction is not reviewable on appeal, *see Evans*, but agree with its contention that there was no abuse of discretion.