# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2010

No. 08-30620
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH HILLS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-81-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth Hills, federal prisoner # 30099-034, having pleaded guilty to one count of conspiring to distribute crack cocaine and two counts of distributing crack cocaine, was sentenced to 51 months of imprisonment on each count, with the sentences to run concurrently. Hills appeals the denial of his motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) (modification of an imposed term of imprisonment based on an advisory guidelines sentencing range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that has subsequently been lowered) and the recent amendment to the crack-cocaine sentencing guidelines (Amendment 706).

Hills contends the district court erred by denying his motion solely because the amended advisory guidelines sentencing range overlapped with the original sentence. He claims: the district court was required to provide specific reasons for its decision; and he was entitled to a sentence reduction in the light of his history of substance abuse, medical history, previous gambling problems, and exemplary post-sentencing conduct.

The district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (28 Jan. 2010) (No. 09-8939). Section 3582(c)(2) permits such discretionary modification in certain cases where the advisory guidelines sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.) *cert. denied,* 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. 18 U.S.C. § 3582(c)(2).

The sentencing court, however, is *not* required either to provide reasons for its denial of a § 3582(c)(2) motion or to explain its consideration of the § 3553(a) factors. *Evans*, 587 F.3d at 673-74. If the record shows the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The record reflects that, in denying a sentence reduction, the district court implicitly considered the applicable 18 U.S.C. § 3553(a) factors. *See* § 3582(c)(2). When conducting its analysis, the court had the benefit of, *inter alia*, the original presentence investigation report, the amendment eligibility worksheet, Hills' inmate profile, his plea agreement, and the factual basis supporting his plea. Although the court did not make its analysis express, it was not required to do

so, as noted *supra*. Accordingly, there was no abuse of discretion in denying the motion to reduce.

AFFIRMED.