# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

Lyle W. Cayce
Clerk

No. 08-30636
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENNY LOCKE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-80-3

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Benny Locke, Jr., federal prisoner # 29315-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Locke argues that the district court arbitrarily denied his § 3582(c)(2) motion without regard to case-specific facts, such as his post-conviction rehabilitative conduct, or consideration of the factors in 18 U.S.C. § 3553(a). He contends that a "sentencing range overlap," by itself, cannot be used to justify the denial of a reduction and that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have cited case-specific reasons for denying the motion. Locke's appeal waiver does not bar this appeal. *See United States v. Cooley*, 590 F.3d 293 (5th Cir. 2009).

We review the district court's determination of whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). The sentencing court is not required to provide reasons for its denial of a § 3582(c)(2) motion or to explain its consideration of the § 3553(a) factors. *Id.* at 673-74. If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Although the district court did not discuss the § 3553(a) factors expressly, the record reflects that it considered them. *See Evans*, 587 F.3d at 673. The district court's decision denying the motion indicates that it understood that Locke's original sentence was within the amended guidelines range and shows that the district court considered the amended guidelines range but determined that no reduction in sentence was warranted. Under these circumstances, the court gave due consideration to the motion to reduce Locke's sentence and implicitly considered the § 3553(a) factors. The record reflects that the district court was made aware of Locke's good conduct in prison, and there is no reason to believe that the district court believed erroneously that it could not reduce his sentence. Accordingly, Locke has not shown that the district court's denial of his motion was an abuse of discretion. *See id.* at 673-74; *Whitebird*, 55 F.3d at 1010.

AFFIRMED.