# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2010

No. 09-11024
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICE ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-64-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maurice Anderson, federal prisoner # 34064-177, appeals from the district court's denial of his motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Using his original § 3582(c)(2) motion as his appellate brief, Anderson cites Guideline Amendments 485, 487, 493, and 709. However, these amendments are not listed in U.S.S.G. § 1B1.10(c) as any of the amendments that could result in a § 3582(c)(2) sentence modification. *See* § 1B1.10(a), (c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that Anderson's brief is liberally construed to contend that his sentence should be reduced based on Amendment 706, Anderson is ineligible for relief on this basis because his offense level was based on his responsibility for more than 4.5 kilograms of crack cocaine. *See* U.S.S.G. Supp. to App. C, Amend. 706; U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)(I)).

Anderson also argues that his sentence should be reduced under Guideline Amendments 484, 506, and 599. However, all of these amendments were effective long before Anderson's offense conduct occurred in 2006. *See* Amendment 484, U.S. Sentencing Guidelines Manual, App. C., Vol. 1, pp. 379-80 (2003) (noting November 1, 1993, effective date); Amendment 506, U.S. Sentencing Guidelines Manual, App. C., Vol. 1, pp. 417-18 (2003) (noting November 1, 1994, effective date); Amendment 599, U.S. Sentencing Guidelines Manual, App. C., Vol. 2, pp. 69-71 (2003) (noting November 1, 2000, effective date).

To the extent that Anderson's brief is liberally construed to raise arguments concerning his lack of notice for an aggravated felony enhancement, the use of a magistrate judge in his criminal proceedings, his innocence of the offense, the constitutionality of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), and the treatment of § 1B1.10 as mandatory after *Booker*, a motion under § 3582(c)(2) "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Furthermore, this court has recognized that *Booker* did not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Therefore, these claims are not cognizable in a § 3582 motion. *See Whitebird*, 55 F.3d at 1011; *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939).

In light of the foregoing, Anderson has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Evans,* 587 F.3d at 672.

AFFIRMED.