# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

Lyle W. Cayce
Clerk

No. 08-51149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KEITH O. COBB,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-96-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keith O. Cobb, federal prisoner #60806-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines relating to offenses involving crack cocaine. He was convicted of, *inter alia*, cocaine trafficking, but the calculation of his guidelines sentencing range included quantities of crack cocaine. By moving to proceed IFP, Cobb is challenging the district court's certification decision that his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997).

Cobb argues that the district court erred in determining that Amendment 706 to U.S.S.G. § 2D1.1(c) is inapplicable to his case. The district court's determination was based on Cobb's conviction for a powder cocaine offense and it used his responsibility for crack cocaine only as relevant conduct to calculate his sentence. We need not address this issue because the district court specified in the alternative that it would deny Cobb's § 3582(c)(2) motion in its exercise of discretion. The district court did not abuse its discretion when it refused to grant Cobb a reduction in his sentence. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The district court referenced the 18 U.S.C. § 3553(a) factors and noted the seriousness of Cobb's crime and the danger to the community that would result of Cobb were to be released earlier. The district court's denial of relief reflects its opinion that the original sentence imposed is appropriate despite Amendment 706 to § 2D1.1(c). Finally, Cobb's challenge to the validity of the sentence imposed is unavailing insofar as a § 3582(c)(2) proceeding is not the appropriate vehicle to raise issues related to the original sentencing. *Whitebird*, 55 F.3d at 1011.

Cobb has failed to show that he will raise a nonfrivolous issue on appeal. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.