# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 09-40631
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRICK CHAD RUSSELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-180-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodrick Chad Russell, federal prisoner # 13708-078, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence for possession with intent to distribute five grams or more of cocaine base.  The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

Russell argues that the district court abused its discretion in failing to reduce his sentence by two levels under the November 1, 2007, crack cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amendments to the Sentencing Guidelines, including Amendment 706. However, Russell was sentenced pursuant to Amendments 706 and 711, both of which became effective on November 1, 2007, before his sentencing. Additionally, to the extent that Russell's argument is liberally construed to contend that his sentence should be reduced under Amendment 715, which became effective on November 1, 2008, the application of the amendment would not have affected his guidelines range, and thus he is not entitled to a sentence reduction pursuant to § 3582(c)(2) on this basis. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); U.S.S.G. § 1B1.10(a), p.s.

Liberally construed, Russell's brief also argues that the drug quantity for which he was held accountable and the two-level increase in his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) were erroneously based on charges that were later dismissed and were calculated in violation of *United States v. Booker*, 543 U.S. 220 (2005), based on facts that were not charged in the indictment. However, a motion under § 3582(c)(2) "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Furthermore, this court has recognized that *Booker* did not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *See Doublin*, 572 F.3d at 238. Therefore, these claims are not cognizable in a § 3582(c)(2) motion. *See Whitebird*, 55 F.3d at 1011; *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

In light of the foregoing, Russell has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Evans,* 587 F.3d at 672. The motion for summary affirmance is GRANTED, the judgment of the district court is AFFIRMED, and the Government's alternative motion for an extension of time is DENIED as unnecessary.