# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2010

No. 08-10622
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WESLEY JAMES WILSON, also known as Wes,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-141-6

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wesley James Wilson, federal prisoner # 23795-077, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence for drug trafficking conspiracy, possession with intent to manufacture and distribute cocaine base, and money laundering. Wilson also moves to amend his appellate brief. To the extent that the motion to amend constitutes Wilson's amended brief, the motion is granted; to the extent that the motion seeks permission to file an additional brief or memorandum of law, the motion is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10622

Wilson argues that he is entitled to a sentence reduction under § 3582(c)(2) based on Amendments 706 and 711 to the United States Sentencing Guidelines. However, because he was held accountable for more than 4.5 kilograms of cocaine base, Amendment 706 to the Sentencing Guidelines, as amended by Amendment 711, both of which modified the sentencing ranges applicable to crack cocaine offenses, did not change his sentencing range. U.S.S.G. § 2D1.1(c)(1); *see also id.* cmt. n.10(D)(ii).

Wilson also argues that he is entitled to a sentence reduction under § 3582(c)(2) based on the district court's incorrect drug quantity determination and the fact that the jury did not make a finding concerning the drug quantity attributed to him at sentencing. However, a motion under § 3582(c)(2) "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Furthermore, this court has recognized that *United States v. Booker*, 543 U.S. 220 (2005), did not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Therefore, these claims are not cognizable in a § 3582(c)(2) motion. *See Whitebird*, 55 F.3d at 1011; *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

In light of the foregoing, Russell has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See id.* at 672.

AFFIRMED; MOTION TO AMEND BRIEF GRANTED TO EXTENT THAT MOTION CONSTITUTES AMENDED BRIEF AND DENIED TO EXTENT THAT MOTION SEEKS PERMISSION TO FILE NEW BRIEF OR MEMORANDUM OF LAW.