# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 08-50792
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAYRELL RICHARD LARRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-90-ALL

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tayrell Richard Larry, federal prisoner # 03016-180, seeks leave to appeal in forma pauperis ("IFP") from the denial of his motion to reconsider his 18 U.S.C. § 3582(c)(2) motion. In 2000, Larry was convicted of distribution of crack cocaine, aiding and abetting. He was sentenced to 235 months of imprisonment. The district court granted Larry's § 3582(c)(2) motion, reduced his offense level by two levels pursuant to Amendment 706 to the Sentencing Guidelines, and imposed a sentence of 188 months of imprisonment. Larry argues that he should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50792

have received a further reduction in his sentence because the district court used the amount of crack cocaine attributable to him as relevant conduct rather than the .94 grams to which he admitted distributing. He contends that the district court's consideration of a larger amount of crack cocaine in determining his base offense level violates the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also argues that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).

By moving to proceed IFP, Larry is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) (discussing appellate review when permission to proceed IFP on appeal is denied).

Larry's arguments regarding the district court's consideration of relevant conduct and the constitutionality of his sentence in light of *Apprendi* are not appropriately brought in a § 3582(c)(2) motion. A § 3582(c)(2) motion may not be used to challenge a district court's calculation of an original sentence or to contest the appropriateness of the sentence. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Additionally, the *Booker* reasonableness standard does not apply in § 3582(c)(2) proceedings. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Larry has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for IFP is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Larry's motion for the appointment of counsel is DENIED.