# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2010

No. 08-10363
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC LAMONTE GRAY, also known as C-Nile,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-7-ALL

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cedric Lamonte Gray, federal prisoner # 28009-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon amendments to the Sentencing Guidelines crack cocaine provisions. He argues that the district court should not have denied his motion solely on the basis of his pre-sentencing conduct. Gray also moves for the appointment of appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10363

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in cases like Gray's which involve the amendments the Guidelines crack cocaine provisions. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable 18 U.S.C. § 3553(a) factors and the pertinent guideline policy statements. § 3582(c)(2). "[A] reduced term of imprisonment [is not] a matter of right," however. U.S.S.G. § 1B1.10, comment. (backg'd.); *see Doublin*, 572 F.3d at 238.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, then there is no abuse of discretion. *See id. at* 673-74; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In the instant case, the district court expressly considered the § 3553(a) factors and the policy statements, emphasizing the nature and circumstances of the offense of conviction and Gray's significant criminal history. Accordingly, the district court did not abuse its discretion in declining to reduce Gray's sentence. *See Evans,* 587 F.3d at 673-74; *Whitebird*, 55 F.3d at 1010. The district court's judgement is AFFIRMED.

Gray's motion for appointment of counsel on appeal is DENIED. *See Whitebird*, 55 F.3d at 1011. Gray's request for oral argument is also DENIED. *See* FED. R. APP. P. 34(a)(2).