# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 08-50268
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASEY LEON FORGE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-CR-25-ALL

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Casey Leon Forge, federal prisoner # 60972-080, pleaded guilty in 2002, pursuant to a written agreement, to possession of crack cocaine with intent to distribute. He was sentenced to 160 months of imprisonment and five years of supervised release. Forge appeals the denial of his pro se 18 U.S.C. § 3582 motion in which he argued that his sentence should be reduced based on retroactive amendments to the Guidelines for crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50268

Forge's argument that the district court violated his Sixth Amendment right to counsel when it denied his § 3582(c)(2) motion without first appointing counsel because the right to counsel attached under the advisory sentencing scheme is unavailing. A § 3582(c)(2) proceeding is not a full resentencing. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). A motion for reduction of sentence is not an ancillary matter under the Criminal Justice Act, and Forge "has no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion." *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

AFFIRMED.