# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-10378
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD WILLIAMS, also known as E-Mac,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-10-7

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edward Williams, federal prisoner # 05418-031, was convicted of distribution of cocaine base. After the Sentencing Commission reduced the guidelines ranges applicable to cocaine base offenses, Williams filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence. The district court determined that Williams was not eligible for a reduction of his sentence because of the quantity of cocaine base involved in the offense. Williams gave timely notice of his appeal and has requested appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10378

Williams contends that the district court erred in failing to reexamine its "previous mandatory guidelines sentencing calculation" and relevant conduct determination.  Williams invokes *United States v. Booker*, 543 U.S. 220 (2005).  "A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).  *Booker* does not apply in § 3582(c)(2) proceedings.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010).

Because Williams's offense involved more than 4.5 kilograms of cocaine base, he was ineligible for relief under § 3582(c)(2).  *See* U.S.S.G., Supp. to App. C, Amend. 706; U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)(I)).  Thus, the district court did not abuse its discretion in denying the motion.  *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).  The district court's order is AFFIRMED.  Williams's request for appointment of counsel is DENIED.