# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 12-10044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN WAYNE WASHINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-21-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Wayne Washington, federal prisoner # 20139-077, appeals the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 240-month above-guidelines sentence for distribution and possession with intent to distribute crack cocaine, aiding and abetting. The district court granted Washington's motion, determining that he was eligible for a reduction under Amendment 750 to the Guidelines. The court imposed an amended sentence of 190 months of imprisonment, which was above the amended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range of 100 to 125 months.  Washington argues that the district court abused its discretion by imposing a sentence above the amended guidelines range.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a reduction and the extent of the reduction authorized.  *Dillon,* 130 S. Ct. 2683, 2691 (2010).  Next, the court must consider any applicable § 3553(a) factors and determine whether a reduction is warranted in whole are in part under the circumstances.  *Id.* at 2692.

The district court was not under any obligation to reduce Washington's sentence at all and was therefore "under no obligation to reduce it even further within the recalculated range."  *Evans*, 587 F.3d at 673.  In the instant case, the record shows that the district court gave due consideration to the motion as a whole and considered the § 3553(a) factors; thus, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.