# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2013

Lyle W. Cayce
Clerk

No. 11-51248
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRANCE JOHNSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-21-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Terrance Johnson, federal prisoner # 83641-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 168-month sentence for conspiracy to possess, with intent to distribute, crack cocaine. He sought modification of his sentence based on Amendment 750 (amending crack cocaine Drug Quantity Table; made retroactive by Guideline § 1B1.10(c)) to the advisory Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Johnson's sentence had been reduced earlier pursuant to a 18 U.S.C. § 3582(c)(2) motion.)

For this second motion, Johnson contends:  the district court failed to consider the 18 U.S.C. § 3553(a) factors or his post-sentencing conduct; and, its determination that he poses a danger to society is "arbitrary and capricious".

A decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion . *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  In determining whether to reduce a sentence, the district court first ascertains whether defendant is eligible for a reduction and the extent of the reduction authorized. *Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010).  If so, the court considers any applicable § 3553(a) factors and determines whether the authorized reduction is warranted in whole, or in part, under the circumstances. *Id.* at 2692.  In addition to the § 3553(a) factors, the district court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant". U.S.S.G. § 1B1.10, comment. n.1(B)(i-iii).

The district court "was under no obligation to reduce [Johnson's] sentence". *Evans*, 587 F.3d at 673.  The court gave due consideration to the motion as a whole and considered the § 3553(a) factors, as well as Johnson's record of post-sentencing rehabilitation and the danger he posed to the community; therefore, the court did not abuse its discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.