**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Malcolm Jones WHITEBIRD,**
**Defendant–Appellant.**

No. 94–60088.

United States Court of Appeals,
Fifth Circuit.

June 9, 1995.

---

Malcolm Jones Whitebird, El Reno, OK, pro se.

Paul D. Roberts, Asst. U.S. Atty., Alfred Moreton, U.S. Atty., Oxford, MS, for appellee.

**1009**

Before DAVIS and JONES, Circuit Judges, and CUMMINGS,[1] District Judge.

W. EUGENE DAVIS, Circuit Judge:

Whitebird appeals the district court's denial of his post-conviction motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

## I.

In June 1992, Malcolm Jones Whitebird pleaded guilty to conspiracy to distribute LSD and possession of LSD and was sentenced to seventy months imprisonment. In November 1993, Whitebird filed a pro se motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced in light of a 1993 amendment to U.S.S.G. § 2D1.1(c), which modified the procedure for calculating the quantity of LSD to be used in establishing base offense levels. The district judge denied Whitebird's motion. Whitebird now appeals.

## II.

Whitebird argues that the district court abused its discretion in denying his motion to reduce his sentence. Section 3582(c)(2) provides:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered ... the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision whether to reduce the sentence is in the sound discretion of the district judge. *United States v. Shaw,* 30 F.3d 26, 28 (5th Cir.1994). Thus, we review only for an abuse of that discretion. *United States v. Pardue,* 36 F.3d 429, 430 (5th Cir. 1994) (per curiam). In exercising this discretion, the Guidelines instruct the court to

"consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." U.S.S.G. § 1B1.10(b). The statute also directs the court to consider the factors set forth in § 3553(a), including: the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a).

Section 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d). *See United States v. Miller,* 903 F.2d 341, 349 (5th Cir.1990). Amendment 488, the amendment on which Whitebird relies, is listed in § 1B1.10(d) and is therefore retroactive.

Amendment 488 modified the method for calculating LSD quantities for sentencing purposes under U.S.S.G. § 2D1.1(c) as follows:

In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg. of LSD for purposes of the drug Quantity Table.

The 0.4 mg per dose method was intended to alleviate the "unwarranted disparity among offenses involving the same quantity of actual LSD (but of different carrier weights)" and to bring sentences proportionately in line with sentences involving more dangerous controlled substances, such as PCP. U.S.S.G.App. C, amend. 488 (1993).

Under the former method, in which the full weight of the carrier medium was considered, Whitebird's offense level was based on 2.43 grams of LSD. This fact, together with his criminal history category, called for a range of 70–87 months imprisonment. Under the new method, the quantity of LSD would be

---

1. District Judge of the Northern District of Texas, sitting by designation.

160 milligrams, which corresponds to a range of 24–30 months imprisonment. Whitebird argues that given this substantial change in the guideline range under the amendment, the district court abused its discretion by failing to reduce his sentence.

■ However, essential to Whitebird's argument is his contention that the five-year mandatory statutory minimum imposed by 21 U.S.C. § 841(b)(1) does not apply to his case. Whitebird argues that amendment 488 also altered the weight calculations used to determine the statutory minimum under § 841(b). This argument has been rejected by this and many other circuits. *See Pardue,* 36 F.3d at 431 (citing cases). As we stated in *Pardue,* amendment 488 expressly does not purport to override the Supreme Court's decision in *Chapman v. United States. Id.; see also* U.S.S.G. § 2D1.1, comment (backg'd). In *Chapman,* the Supreme Court held that the term "mixture or substance" in § 841(b) required the weight of the carrier medium to be included for purposes of determining the mandatory minimum sentence. 500 U.S. 453, 460–62, 111 S.Ct. 1919, 1924–26, 114 L.Ed.2d 524 (1991). Thus, the mandatory minimum sentence of sixty months applied and became the minimum guideline sentence in this case. U.S.S.G. § 5G1.1(b).

Whitebird suggests that the district court nevertheless abused its discretion by failing to reduce the sentence to the statutory minimum. Specifically, he contends that the court failed to consider his cooperation with the government and that this failure alone requires remand. In light of the discretion granted the court under § 3582(c)(2), Whitebird's argument fails. In his motion, Whitebird urged an imprisonment range of twelve to eighteen months based on a criminal history category of II and an offense level of 12.[2] In its response, the Government argued that the sentence should not be reduced, referring to Whitebird's previous criminal history, the nature of the offense, and the mandatory statutory minimum of five years. In its order denying Whitebird's motion, the district court stated that "after consideration of the motion and the authorities cited in support

and opposition thereto, it is the opinion of the court that the motion is not well taken and should be and is therefore DENIED." Because it gave due consideration to the motion as a whole, and implicitly to the factors set forth in § 3553(a), the district court did not abuse its discretion.

### III.

### A.

■ Whitebird argues next that the district court erred in not appointing counsel to represent him on his motion to reduce the sentence. Whitebird contends that as an indigent he has a right to appointed counsel under the Criminal Justice Act. The Criminal Justice Act provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Whitebird argues that a post-conviction reduction motion under 18 U.S.C. § 3582(c)(2) constitutes an "ancillary matter" and that, therefore, he was entitled to appointed counsel.

This presents a question of first impression for this court. However, the Second Circuit recently rejected this argument, holding that a post-conviction motion to reduce in light of an amendment to the Guidelines under § 3582(c)(2) is not an "ancillary matter" under § 3006A(c). *United States v. Reddick,* 53 F.3d 462 (2d Cir.1995). *Reddick* also involved amendment 488. The Second Circuit reasoned that " 'ancillary matters' refers to those involved 'in defending the principal criminal charge' and not to post-conviction proceedings." *Id.* at 462 (quoting *Miranda v. United States,* 455 F.2d 402, 404 (2d Cir. 1972)).

We agree with the result reached by the Second Circuit in *Reddick.* As that court noted, similar post-conviction proceedings have consistently been held not to be "ancillary matters." *Id.* (citing *Dirring v. United States,* 353 F.2d 519 (1st Cir.1965) (motion

---

**2.** We note that Whitebird miscalculated the amended sentence. As mentioned, under the

new method, Whitebird's range would be 24–30 months.

for new trial); *Burrell v. United States,* 332 A.2d 344, 347 (D.C.App.), *cert. denied,* 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975) (motion for reduction in sentence)). For example, in *Burrell,* the D.C. Court of Appeals held that motions to modify a sentence, which were brought pursuant to Fed. R.Crim.P. 35(b) before 1987, were not ancillary matters under § 3006A(c), stating:

> The legislative history of this amendment [adding "ancillary matters" to § 3006A(c)] indicates that it was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial such as habeas corpus ad testificandum and mental competency hearings. There is no indication that the amendment was intended to create a statutory right to counsel to aid in the filing of motions after final conviction. The appointment of counsel in these instances is a matter within the sound discretion of the district court.

332 A.2d at 347; *see also United States v. Nevarez–Diaz,* 648 F.Supp. 1226 (N.D.Ind. 1986) (rejecting defendant's claim that counsel's failure to file a timely Rule 35(b) motion constituted ineffective assistance of counsel on basis that § 3006A(c) does not require appointment of counsel to assist in preparation of the motion).

The argument that a motion for reduction of sentence is an "ancillary matter" under § 3006A(c) is even less compelling with respect to a § 3582(c)(2) motion than a former Rule 35(b) motion. A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence. Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines. Moreover, as a matter of common sense, a motion to modify a sentence pursuant to § 3582(c)(2), which can be filed long after conviction, is too far removed to be considered "ancillary" to the criminal proceeding. We conclude, therefore, that Whitebird has no statutory right to appointed counsel under § 3006A(c).

### B.

Whitebird argues next that even if his § 3582(c)(2) motion is not an ancillary matter, appointment of counsel is mandatory under § 3006A(a)(1)(H) because he has a right to counsel under the Sixth Amendment. *See* 18 U.S.C. 3006A(a)(1)(H) (applying § 3006A to cases in which a defendant has a right to counsel under the Sixth Amendment). However, the Supreme Court has held in similar circumstances that the constitutional right to counsel extends only through the defendant's first appeal.[3] *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 755–57, 111 S.Ct. 2546, 2567–68, 115 L.Ed.2d 640 (1991); *see also Reddick,* 53 F.3d at 462 (applying *Coleman* in the § 3582(c)(2) context); *Nevarez–Diaz,* 648 F.Supp. at 1230 (Rule 35(b)); *Silano v. United States,* 621 F.Supp. 1103, 1105 (E.D.N.Y.1985) (same); *United States v. Hamid,* 461 A.2d 1043, 1044 (D.C.App.1983) (same), *cert. denied,* 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984); *Burrell,* 332 A.2d at 346. After that, the decision whether to appoint counsel rests in the discretion of the district court. Thus, Whitebird had no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion.

### IV.

For the foregoing reasons, the district court's denial of Whitebird's motion to reduce his sentence is AFFIRMED.

---

**3.** We note that the Supreme Court has also held that, notwithstanding this rule, due process requires the appointment of counsel in certain post-conviction proceedings in which fundamental fairness requires the assistance of a trained advocate. *See, e.g., Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (holding that due process entitled petitioner to appointed counsel in revocation of parole hearing in which disputed fact issue required the mar-

shalling of facts and witness examination and the petitioner risked forgoing his rights). However, in *Gagnon* the Court rejected the notion that there was constitutional duty to appoint counsel in all probation revocation cases; rather, it noted that the decision to appoint counsel should be made on a case-by-case basis. *Id.* at 790, 93 S.Ct. at 1763. This case does not present any due process concerns.