IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10759
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABAYOMI CHARLES AKOMOLAFE, also known as Carlos,
also known as Carlos Lnu,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-208-1-Y
--------------------
January 15, 2003

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Abayomi Charles Akomolafe, federal prisoner # 27712-077,
appeals the denial of his motion for resentencing pursuant to
18 U.S.C. § 3582(c)(2), relative to his conviction of conspiracy
to engage in financial transactions involving criminally derived
property.  We AFFIRM.

Akomolafe contends that Amendment 591 (2000) to the
Sentencing Guidelines applies retroactively to entitle him to a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

three-level reduction of his offense level under U.S.S.G. § 2X1.1(b)(2). This guideline provides for such a reduction if the substantive offense involved in the conspiracy was not close to being completed.

Akomolafe stipulated to the correctness of the factual resume, which he does not now attempt to refute. The resume states that he and his codefendant gave an undercover government agent six stolen or altered checks totaling more than $2,000,000, for the agent to cash and to provide the two defendants with 65% of the proceeds. Akomolafe was arrested ten days after the last delivery of checks to the agent.

Section 2X1.1(b)(2) provides for a three-level decrease in the defendant's offense level unless he or a coconspirator was about to complete all acts the defendants believed necessary to complete the substantive offense, prior to their having been apprehended. The background commentary iterates that the decrease is not warranted if the substantive offense was "prevented on the verge of completion by the intercession of law enforcement authorities."

In the case sub judice, the defendants did all that they believed necessary for them to do in order to complete the substantive offense, engaging in monetary transactions in violation of 18 U.S.C. § 1957. That is, they delivered the checks to the agent in order for him to cash them. Thus the district court did not abuse its discretion by denying Akomolafe

a three-level decrease in his offense level under § 2X1.1(b)(2).
See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir.
1995); United States v. Waskom, 179 F.3d 303, 307-09 (5th Cir.
1999).

AFFIRMED.