# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 08-10429
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JOHNNY LEE REED,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CR-18-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Reed, federal prisoner #31011-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following the recent amendments to the Sentencing Guidelines for crack cocaine offenses. Reed argues that the district court's denial of his motion was an abuse of discretion because he has a positive prison record, he is no longer a threat to the community, and by relying on factors, such as the seriousness of his offense and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his criminal history, that were already accounted for in the original sentencing calculations.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). In such cases, the district court may reduce the sentence after considering the applicable 18 U.S.C. § 3553(a) factors and the applicable guidelines policy statements. *Id.* A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court considered Reed's § 3582(c)(2) motion, his attachments, and the Government's response. It also stated that it had considered the § 3553(a) factors and concluded that it would not reduce Reed's sentence in light of the serious nature of his offense and his criminal history. *See* § 3553(a)(1), (2)(A)-(C). Because the record reflects consideration of Reed's motion and the § 3553(a) factors, the district court did not abuse its discretion by denying the motion. *See Whitebird,* 55 F.3d at 1010.

The judgment of the district court is AFFIRMED.