# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2010

No. 08-50323
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEANTE DEMONE BLACKMON, also known as Dopey, also known as B-Murder, also known as Deon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-53-ALL

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Deante Demone Blackmon , federal prisoner # 35542-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine offenses. He pleaded guilty to one count of distribution of crack cocaine, and he received an amended sentence of 180 months of imprisonment. By moving to proceed IFP,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50323

Blackmon is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court denied Blackmon's § 3582(c)(2) motion in its exercise of discretion. In this court, Blackmon merely asserts that the guideline amendment is applicable to his sentence, and he requests that this court reduce his sentence accordingly. He does not challenge the reasons given by the district court for its denial of his § 3582(c)(2) motion, and he has therefore abandoned the issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Blackmon also maintains that trial and appellate counsel should have raised objections and arguments regarding drug quantity based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Blackmon's claim regarding the validity of his original sentence is not properly presented in this § 3582 (c)(2) proceeding. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Blackmon has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.