# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-50726
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN MICHAEL CLARK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-26-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

In July 2006, John Michael Clark, federal prisoner # 57752-180, was convicted by guilty plea of possession with intent to distribute cocaine base and being a felon in possession of a firearm. He now appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon the crack cocaine amendments to the Sentencing Guidelines. In that denial, the district court noted that Clark could not benefit from the crack cocaine amendments because his base offense level would have remained the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

same even if based solely upon the amount of methamphetamine that was attributed to him.

On appeal, Clark argues that his sentence should have been based solely upon crack cocaine and that the district court lacked jurisdiction to sentence him based upon any other controlled substance. He also asserts that the district court violated Amendment 715 to the Sentencing Guidelines by failing to show how it calculated the amount of crack cocaine attributable to him when considering his § 3582(c)(2) motion. These arguments lack merit. Moreover, Clark cannot utilize a § 3582(c)(2) motion to challenge his original sentence. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Examination of the record reveals that the district court correctly concluded that Clark could not benefit from the crack cocaine amendments. The district court therefore did not abuse its discretion by denying Clark's instant motion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

The judgment of the district court is AFFIRMED.