# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 08-51131
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KEVIN DORAL ROBINSON, also known as KD Robinson,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-38-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kevin Doral Robinson, federal prisoner # 26646-180, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on the retroactive amendments to the crack cocaine Sentencing Guidelines. Robinson pleaded guilty to conspiracy to distribute crack cocaine in excess of 50 grams and was sentenced to 360 months of imprisonment. The district court denied Robinson's Section 3582(c)(2) motion because application of the crack cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51131

amendments would not have changed his Guidelines range since he was held accountable for 34.09 kilograms of cocaine base. The district court also denied Robinson's request for appointment of counsel and his motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Robinson challenges the district court's failure to appoint counsel for him in the district court proceeding. In *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), this court held that a Section 3582(c)(2) movant had no right to the appointment of counsel in the district court. This court recently reaffirmed *Whitebird*'s reasoning. *See United States v. Hereford*, No. 08-10452, 2010 WL 2782780 at *1-*2 (5th Cir. July 12, 2010). Further, because application of the crack cocaine amendments would not have resulted in a change to Robinson's sentence, he was not eligible for relief under Section 3582(c)(2). *See* § 3582(c)(2). As such, the appointment of counsel was not warranted in the interest of justice. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel in the interest of justice due to complexity of the defendant's Section 3582(c)(2) motion).

Given the foregoing, Robinson has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, IT IS ORDERED that his motion to proceed IFP on appeal is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.