# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

Lyle W. Cayce
Clerk

No. 08-10386
c/w No. 10-10129
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH EVANS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-45-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Evans, federal prisoner # 24606-077, appeals from the denial of two motions for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The appeals are CONSOLIDATED.

As to the denial of the first motion, Evans contends that the district court erred by failing to consider any authorities other than the Sentencing Guidelines and their policy statements; failing to consider the disparity in sentencing for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10386
c/w No. 10-10129

crack and powder cocaine; and failing to exercise its sentencing discretion as to his § 3582(c)(2) motion. As to the denial of the second motion, Evans contends that the Government failed to prove that the substance in his case was crack cocaine; that his sentence should have been based on a quantity of powder cocaine; that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000), because the amount of crack cocaine on which he was sentenced was neither alleged in the indictment nor established beyond a reasonable doubt; and that the district court erroneously adjusted his offense level for his role in the offense.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Because Evans's life sentence was based on more than 4.5 kilograms of crack cocaine, the crack cocaine amendments do not affect his offense level. *See* U.S.S.G. supp. to app. C, amend. 706. Evans was therefore ineligible for an adjustment pursuant to § 3582(c)(2) as a matter of law. His remaining arguments do not present grounds for relief under § 3582(c)(2), because they merely challenge his original sentence and do not relate to an amendment to the Sentencing Guidelines. *See United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995) ("A § 3582(c)(2) motion is not . . . a challenge to the appropriateness of the original sentence.").

We previously warned Evans that future challenges to his sentence would invite the imposition of sanctions. *United States v. Evans,* 125 F. App'x 569 (5th Cir. 2005). IT IS ORDERED that Evans is SANCTIONED in the amount of $100, payable to the clerk of this court. Until that sanction is paid, Evans may file no more appeals or initial pleadings challenging the validity of his sentence, whether those challenges are governed by § 3582(c)(2), 28 U.S.C. §§ 2241 and 2255, or any other statutory provision, in this court or in any court under this

No. 08-10386
c/w No. 10-10129

court's jurisdiction, without first obtaining the permission of this court or the forum court.

AFFIRMED; SANCTIONS IMPOSED.