# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2010

No. 08-11124
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL CHARLES REED,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-3

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Michael Charles Reed, federal prisoner # 28753-177, challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion (modification to defendant's sentence under Sentencing Guidelines range retroactively amended) and his motion to reconsider that denial. Because Reed's appeal fails on the merits, we need not reach the Government's timeliness-of-appeal claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11124

Reed is serving a 240-month sentence for possession, with intent to distribute, less than five grams of cocaine base. In March 2008, he filed a motion to reduce his sentence pursuant to § 3582(c)(2) based upon Amendment 706 to the Guidelines (lowering the base offense levels applicable to cocaine-base offenses).

Reed contends the district court abused its discretion in: denying his motion for reconsideration without stating reasons; denying his § 3582(c)(2) motion because the court made only a general reference to the 18 U.S.C. § 3553(a) factors; and stating he was a public safety threat without support in the record. Further, Reed maintains the district court erred by *not* appointing him counsel in connection with his § 3582(c)(2) motion and *not* allowing him to respond to the Government's opposition to his § 3582(c)(2) motion.

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). There is *no* abuse of discretion if the record shows the court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors (nature and circumstances of the offense, defendant's history and characteristics, adequate deterrence, public protection, relevant Guidelines policy statements, and avoidance of sentence disparities). *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). In this case, the district court did *not* abuse its discretion because the court expressly stated it considered the § 3553(a) factors and relevant public safety concerns before denying Reed's request for sentence reduction.

Reed did *not* request appointment of counsel in connection with his § 3582(c)(2) motion; accordingly, we review only for plain error. *See United States v. Hereford*, No. 08-31156, 2010 WL 2782780, at *1 (5th Cir. 12 July 2010). To establish plain error, Reed must show, *inter alia*, a clear or obvious error affecting his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct.

No. 08-11124

1423, 1429 (2009).  Because a defendant has *no* statutory or constitutional right to appointed counsel in a § 3582(c)(2) motion, there is no plain error.  *Hereford*, 2010 WL 2782780, at *1.

Last, Reed fails to show  the district court abused its discretion in denying his § 3582(c)(2) motion without first allowing him to respond to the Government's opposition motion:  he has *not* demonstrated a response would have affected the outcome of the district court's decision; and he is *not* entitled to a hearing in connection with his § 3582(c)(2) motion.  *See* FED. R. CRIM. P. 43(b)(4); *United States v. Edwards*, No. 97-60326, 1998 WL 546471, *3 (5th Cir. 6 Aug. 1998).

AFFIRMED.