# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

No. 15-10116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JULIAN OROZCO-LOPEZ, also known as Jose Julian Orozco-Torres, also known as Jose Julian Lopez-Torres,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-50-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Julian Orozco-Lopez, federal prisoner # 41253-177, is serving a 324-month term of imprisonment for conspiring to possess with the intent to distribute methamphetamine. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10116

offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c). Orozco-Lopez asks this court to appoint counsel in his case.

At his original sentencing, Orozco-Lopez was assigned a base offense level of 38 under § 2D1.1(c)(1) because his offense involved the equivalent of 324,437.32 kilograms of marijuana.   Under amended § 2D1.1(c), Orozco-Lopez's base offense level remains 38.  § 2D1.1(c)(1).  In determining the effect of an amendment for purposes of § 3582(c)(2), a defendant's other applicable sentencing adjustments and criminal history remain unchanged.   U.S.S.G. § 1B1.10(b)(1).  Thus, Amendment 782 did not lower Orozco-Lopez's applicable guidelines range of 324-405 months of imprisonment, and § 3582(c)(2) does not authorize a reduction in his sentence.  *See* § 1B1.10(a)(2)(B), p.s.

Orozco-Lopez complains that the district court should not have based its decision on his presentence report without giving him notice and an opportunity to challenge its reliability.  He also complains that the district court denied his motion without considering the 18 U.S.C. § 3553(a) factors and gave him no opportunity to respond to its decision.  He has not shown an abuse of discretion.  *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).  Nor has he shown that the district court abused its discretion by declining to appoint counsel.  We will not consider Orozco-Lopez's challenges to his conviction and original sentence, which are raised for the first time on appeal and are not cognizable in a § 3582(c)(2) motion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.  Orozco-Lopez's motion for the appointment of appellate counsel is DENIED.