# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE GUADALUPE VELA-MASCORRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-457

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Noe Guadalupe Vela-Mascorro (Vela), federal prisoner # 90681-280, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Vela argues that the district court abused its discretion by denying his motion for sentence reduction. He maintains that, in light of Amendment 782 to the Sentencing Guidelines, his sentence is greater

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50421

than necessary to meet the goals of 18 U.S.C. § 3553(a). He contends that the district court's determination that the seriousness of the offense cautioned against reducing his sentence was unwarranted because the guidelines range accounted for the quantity and type of drugs involved; because the 155 kilograms of marijuana involved in his offense was at the low end of the base offense level for which he qualified; because he did not have a leadership role in the offense; and because the offense did not involve violence, firearms, or flight from law enforcement officers. According to Vela, the district court overstated his criminal history because his criminal history reflected underlying substance abuse issues rather than his being a drug trafficker. He maintains that, contrary to the district court's finding, he showed respect for the law by admitting his guilt and providing substantial assistance. Vela asserts that the district court did not adequately consider his positive post-sentencing conduct and the need to avoid unwarranted sentence disparities.

The district court had before it Vela's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; a synopsis of Vela's behavior while incarcerated; and the information from Vela's original sentencing, including the details of his offense, his criminal history, and his cooperation with law enforcement. The district court, implicitly finding that Vela was eligible for a reduction, denied Vela's motion as a matter of discretion in a detailed order, specifically citing multiple § 3553(a) sentencing factors. Vela was not entitled to a sentence reduction just because he was eligible for a sentence reduction. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Given Vela's criminal history and offense conduct, Vela has not shown that the district court abused its discretion by denying the motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

**AFFIRMED**.

2