**REVISED March 15, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-254

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant (Appellant) appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his 40-month sentence for possession with intent to distribute cocaine base. Appellant sought a modification of his sentence based on Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant argues that the district court erred in denying his § 3582(c)(2) motion because it gave excessive weight to his lengthy criminal history and did not adequately consider the other 18 U.S.C. § 3553(a) factors or his mitigating arguments. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court was not under any obligation to reduce Appellant's sentence. *See Evans*, 587 F.3d at 673. In the instant case, the record shows that the district court gave due consideration to the § 3582(c) motion as a whole, listened to Appellant's mitigating arguments, and considered the § 3553(a) factors, including Appellant's criminal history and the danger he posed to the community; thus, there is no abuse of discretion. *See Evans*, 587 F.3d at 672-73 & n.11; *United States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995).

Accordingly, the order of the district court is AFFIRMED.