# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10847
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID FERNANDEZ, also known as Ears,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-7

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

David Fernandez, federal prisoner # 32964-177, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his 188-month sentence for possession with intent to distribute less than 50 grams of cocaine base. That sentence is the result of a previous reduction from the original 235-month sentence as the result of a retroactive amendment that lowered the Guideline for crack offense. Fernandez now seeks a modification

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10847

of his sentence based on Amendment 782 to the Sentencing Guidelines, which lowered most offense levels for any drug offenses by two points.

Fernandez argues that the district court erred in denying his most recent § 3582(c)(2) motion because it did not adequately explain its consideration of the 18 U.S.C. § 3553(a) factors, gave excessive weight to his criminal history and relevant conduct, and did not adequately consider the other § 3553(a) factors or his mitigating arguments. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The record shows that the district court gave due consideration to the § 3582(c) motion as a whole, considered all of the § 3553(a) factors, and contemplated Fernandez's mitigating arguments, including his positive post-sentence rehabilitation efforts and the need to avoid unwarranted sentence disparities among similarly situated defendants; thus, there is no abuse of discretion. *See Evans*, 587 F.3d at 672-73 & n.11; *United States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995).

Accordingly, the order of the district court is AFFIRMED.