# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGO ALBERTO MARTINEZ-GALLEGOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-615-1

Before WIENER, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hugo Alberto Martinez-Gallegos, federal prisoner # 38400-280, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana. Martinez-Gallegos claims that the district court abused its discretion in denying his motion for reduction of sentence. He maintains that the district court's ruling was based on a clearly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneous assessment of the evidence because the court incorrectly believed that the government's failure to file a statutory sentence enhancement information based on his prior drug trafficking conviction constrained it at sentencing.  According to Martinez-Gallegos, the filing of the enhancement information would have only increased the statutory maximum sentence from 20 years of imprisonment to 30 years, and it would not have increased his guidelines sentence range, showing that the district court was not constrained by the government's failure to file the enhancement information.  Martinez-Gallegos further asserts that the district court did not give enough weight to the mitigating factors of his alcohol and drug abuse and his desire to be with his family in North Carolina.  He contends that the district court gave too much weight to the seriousness of his offense because the guidelines sentence range for his offense had been lowered.

In Martinez-Gallegos's original criminal proceeding, the government could have filed an information that would have triggered an enhanced statutory sentence range based on Martinez-Gallegos's prior felony drug conviction, but it did not.  *See* 21 U.S.C. § 851(a).  If the government had filed the information, Martinez-Gallegos's statutory maximum sentence would have been 30 years of imprisonment instead of 20 years.  *See* 21 U.S.C. § 841(b)(1)(C).  The district court sentenced Martinez-Gallegos to 48 months of imprisonment, well below even the 20-year statutory maximum, but its statement at the § 3582(c)(2) hearing that it "was limited in this particular case" because the government had not filed an enhancement information was technically correct.  The district court was limited to a 20-year statutory maximum instead of a 30-year statutory maximum because the government did not filed an enhancement information.  *See* § 841(b)(1)(C); § 851(a).

No. 16-50180

The district court had before it Martinez-Gallegos's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; the information provided by defense counsel concerning Martinez-Gallegos's positive post-sentencing behavior in prison; the information provided by the government concerning Martinez-Gallegos's negative post-sentencing behavior in prison; and the information from Martinez-Gallegos's original sentencing, including his criminal history, the details of his offense, his prior drug and alcohol abuse, and his family ties to North Carolina.  The district court, implicitly finding that Martinez-Gallegos was eligible for a reduction, exercised its discretion in denying his motion.  Even though the district court did not discuss the 18 U.S.C. § 3553(a) factors, the arguments were presented to it. And, "although it did not discuss them, we can assume that it considered them."  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted).  The district court was not required to express a detailed explanation of its decision to deny Martinez-Gallegos's motion.  *See id.* at 674.  Martinez-Gallegos was not entitled to a sentence reduction just because he was eligible for one.  *See id.* at 673.  Martinez-Gallegos has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.