# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD HERMINIO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1404-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Richard Herminio Garcia, federal prisoner # 29716-380, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his sentence for possession with intent to distribute five kilograms or more of cocaine. The motion was based on Amendment 782 to the Sentencing Guidelines.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40144

In his first argument, Garcia contends that the district court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion.  Garcia additionally argues that the district court abused its discretion in denying § 3582(c)(2) relief, asserting that he has never been involved in any incident of violence, has not received any incident reports in the Bureau of Prisons, and is an inmate with a minimum security rating who is housed at a federal prison camp.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Garcia's arguments are unavailing.

First, a district court is not required to provide findings of facts and conclusions of law when denying a § 3582(c)(2) motion.  *See id.* at 674.  Second, the district court's statement of reasons for Garcia's sentence explains that, at Garcia's sentencing, the Government requested the two-level reduction that Garcia would have received had Amendment 782 been effective at the time of his sentencing and that the district court acknowledged the effect of Amendment 782 in sentencing Garcia.  The district court was not required to consider the post-sentencing rehabilitative conduct cited by Garcia on appeal and was under no obligation to grant Garcia a sentence reduction irrespective of his eligibility for one.  *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10.

The district court's order reflects that it considered Garcia's motion and, to the extent they were applicable, the policy statement under § 1B1.10 and the 18 U.S.C. § 3553(a) factors.  Garcia has not shown that the denial of his § 3582(c)(2) motion was an abuse of the district court's discretion.  *See Evans*, 587 F.3d at 673-74; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.