# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-40252
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL MACIAS,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-715-2

————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Victor Manuel Macias appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 101-month sentence for possession with the intent to distribute more than 500 grams of cocaine. His motion was based on Amendment 782 to the Sentencing Guidelines. Macias argues that the district court abused its discretion in denying his motion, contending that the district court's order does not provide a sufficient

———————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40252

basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion.  Macias also asserts that the court failed to consider his conduct prior to the offense and his postsentencing rehabilitative efforts and failed to notify him of a new presentence report.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Contrary to Macias's assertion, a district court is not required to provide reasons for denying a § 3582(c)(2) motion.  *See id.* at 674.  Neither is a district court required to consider the defendant's postsentencing rehabilitative conduct and is under no obligation to grant a sentence reduction despite the defendant's eligibility for one.  *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10.  No new presentence report was prepared, so Macias's argument on that issue fails.

The district court's order reflects that it considered Macias's motion, the policy statement under § 1B1.10, and the 18 U.S.C. § 3553(a) factors.  Macias has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion by the district court.  *See Evans*, 587 F.3d at 672; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court's order is AFFIRMED.