# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ZAMORA-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-81-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Zamora-Nunez, federal prisoner # 83167-279, challenges the denial of his 18 U.S.C. § 3582(c)(2) motion, wherein he sought a reduction of his 108-month prison term for possession with intent to distribute more than 100 kilograms of marijuana based on Amendment 782 to the United States Sentencing Guidelines. He contends that the district court did not truly take

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40269

into account his history and characteristics and misapprehended the nature and circumstances of his offense.

We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Here, the district court's order reflects its consideration of Zamora-Nunez's motion, the policy statement under U.S.S.G. § 1B1.10, and the 18 U.S.C. § 3553(a) factors. Zamora-Nunez essentially asks us to reweigh the district court's balancing of the § 3553(a) factors.  However, "[t]he decision whether to reduce the sentence is in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).  Because the record shows that the district court gave due consideration to the § 3582(c)(2) motion and the § 3553(a) factors, Zamora-Nunez has not shown an abuse of discretion.  *See id.* at 1010.

AFFIRMED.