# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10641
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FUNAKI FALAHOLA, also known as Noc,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-266-28

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Funaki Falahola appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). With the benefit of liberal construction, he contends that he merits a sentence reduction under several Amendments to the Sentencing Guidelines, including Amendments 780, 782, and 794. In support of his challenge, Falahola argues that he deserves a mitigating role adjustment as a minor participant in the offense and not one for being a leader

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10641

in the offense.  He also contends that he deserves a sentence reduction on account of "sentencing manipulation" in that the length of the investigation by law enforcement "resulted in greater culpability than needed."  Falahola makes some of his arguments for the first time on appeal.  He also has filed motions for (1) reconsideration of the clerk's denial of his motion to stay proceedings and (2) appointment of counsel.

As for Falahola's challenge of the district court's denial of a § 3582(c)(2) sentence reduction under Amendment 782, as well as any argument he makes under Amendment 780, his briefing is inadequate.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant's failure to identify an error in the district court's analysis is the same as though no appeal had been taken); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that, although their briefs are afforded liberal construction, even pro se litigants must brief arguments to preserve them).  Because Falahola fails to make an argument containing "the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on," we reject this portion of his appeal.  *Yohey*, 985 F.2d at 225 (internal quotation marks and citation omitted).

Falahola's remaining challenges, to the extent they are adequately briefed, are unavailing.  Amendment 794 became effective with the 2015 Guidelines.  *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).  The district court applied the 2015 Guidelines, which already incorporated Amendment 794 into Falahola's guidelines calculations.  Falohola's other arguments concerning the district court's application of the guideline provisions for his role in the offense and the improper length of the investigation in his case are not cognizable in this appeal of a § 3582(c)(2) proceeding.  A § 3582(c)(2) proceeding is not a full resentencing and does not

provide a prisoner the opportunity to challenge his original sentence or conviction. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); U.S.S.G. § 1B1.10(a)(3), p.s.

Because Falahola's challenges on appeal are unavailing, this court DENIES his motion to reconsider and DENIES his motion for appointment of counsel AS UNNECESSARY.   The district court's denial of Falahola's § 3582(c)(2) motion is AFFIRMED.