# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40891
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARTIN SANDOVAL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-726-1

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Martin Sandoval, Jr., federal prisoner # 40563-379, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motions for a reduction of sentence and his motion for modification of sentence pursuant to 18 U.S.C. § 3742. Sandoval argues that the sentence imposed following his conviction of conspiracy to possess with intent to distribute 100

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40891

kilograms or more of marijuana should be reduced based on Amendment 782 to the Sentencing Guidelines.

By moving to proceed IFP, Sandoval is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court gave due consideration to the motions as a whole and considered the 18 U.S.C. § 3553(a) factors. Sandoval has not shown an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). He has not challenged the district court's denial of his § 3742 motion, thereby waiving any such challenge that he could have raised. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Sandoval therefore has not shown that he will raise a nonfrivolous issue on appeal. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.