# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11065
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-54-1

Before REAVLEY, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Williams, federal prisoner # 35731-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. He complains that the district court's denial contravenes the dictates of Congress and the judiciary and was an abuse of discretion in light of his personal circumstances and rehabilitative efforts. Williams additionally asserts that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11065

based his original sentences on an incorrect drug quantity, that it erred in failing to submit the drug-quantity issue to the jury, and that it failed to provide adequate notice of its intent to depart upwardly, but these arguments are not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). The record establishes that, in assessing whether to grant a sentence reduction, the district court considered Williams's prior and current pro se § 3582(c)(2) motions, the Probation Office's response, the presentence report and original and revised guidelines ranges of imprisonment, the original sentencing proceedings, Williams's post-sentence rehabilitative efforts, and his prison disciplinary record. After implicitly determining that Williams was eligible for a reduction, the district court declined to exercise its discretion to reduce his sentence. The record reflects that, in doing so, the court considered the policy statement of U.S.S.G. § 1B1.10 and the 18 U.S.C. § 3553(a) factors. Consequently, Williams cannot demonstrate any abuse of discretion on the district court's part. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *Evans*, 587 F.3d at 673. Accordingly, the district court's order denying the § 3582(c)(2) motion is affirmed. Williams's motion for a change of venue is denied.

AFFIRMED; MOTION FOR CHANGE OF VENUE DENIED.