# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 21-50251
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Gandara-Granillo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:92-CR-132-2

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Rene Gandara-Granillo, federal prisoner #62260-080, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. We review the denial for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50251

abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

The district court determined that although Gandara-Granillo was eligible for a reduction, it was unwarranted in light of the 18 U.S.C. § 3553(a) factors. Gandara-Granillo complains that the court did not properly consider the § 3553(a) factors because it did not give due credence to his post-sentencing rehabilitation, which, he urges, ought to outweigh the historical facts of his crimes. Because the record shows that the district court duly considered the § 3582(c)(2) motion as a whole, including post-sentencing rehabilitation, and explicitly considered the § 3553(a) factors, Gandara-Granillo cannot demonstrate an abuse of discretion. *See Whitebird*, 55 F.3d at 1010.

Inasmuch as Gandara-Granillo complains that the district court's consideration of the facts of his offense to deny his sentencing reduction violates the prohibition against double jeopardy, the claim is patently without merit. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). To the extent that he asserts that the court erred in denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release, his claims are not yet ripe for review because that motion remains pending in the district court.

AFFIRMED.