# United States Court of Appeals
# for the Fifth Circuit

─────────────

No. 24-40425
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Garza,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-418-3

─────────────────────────────

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Roberto Garza, federal prisoner # 14810-379, appeals the denial of his fourth motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In his pro se appellate brief, Garza argues that his medical conditions, which include kidney problems, hypertension, problems with his left eye, unmitigated pain, and the need for cleaning of his dental implant,

─────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

have gone untreated in prison and that the conditions qualify as extraordinary and compelling reasons warranting a reduction in his sentence under U.S.S.G § 1B1.13(b)(1), p.s. Garza contends that the district court erred by failing to consider all facts of record in reaching its determination that the above medical conditions did not constitute extraordinary and compelling reasons under § 1B1.13(b)(1) and that the district court made a clearly erroneous assessment of the evidence.

In addition to determining that Garza had failed to establish extraordinary and compelling reasons, the district court reiterated its previous determination that a sentence reduction was not warranted based on its assessment of the sentencing factors of 18 U.S.C. § 3553(a). We routinely affirm the denial of compassionate release motions "where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *United States v. Jackson,* 27 F.4th 1088, 1092 (5th Cir. 2022). As Garza raises no argument challenging the district court's independent determination that the § 3553(a) factors did not warrant a sentence reduction in his case, he has abandoned the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In his second point of error, Garza challenges the district court's failure to appoint counsel. He argues that his worsening medical conditions, coupled with the failure of the Bureau of Prisons to provide treatment for his conditions, required the appointment of counsel so that his case for compassionate release could be thoroughly explained to the district court. Because Garza did not request the appointment of counsel in connection with his fourth compassionate release motion, our review is for plain error. *See United States v. Whitfield*, 590 F.3d 325, 347 n.15 (5th Cir. 2009).

Garza cites no authority to support his contention that the district court erred in failing to appoint counsel for his compassionate release motion.

No. 24-40425

*Cf. United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding that a defendant has no constitutional or statutory right to the appointment of counsel in connection with a § 3582(c)(2) motion). As Garza has not shown that the district court clearly or obviously erred in failing to appoint counsel, he has not met the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The decision of the district court is AFFIRMED.