# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50436
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARRY VERNON MOORE, III, also known as Harry Moore,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-48-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Harry Vernon Moore, III, federal prisoner # 36488-180, has moved for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Moore is challenging the district court's certification that his appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50436

taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Moore contends that the district court abused its discretion by denying his § 3582(c)(2) motion. Because his original sentence was imposed at the low end of the guidelines range, he maintains, the district court should have resentenced him at the bottom of the amended guidelines range. Moore contends that the district court erred in considering the severity of his criminal history and the quantity of drugs involved in this offense. He asserts that the facts of this case are unexceptional, that the Sentencing Commission weighed the statutory sentencing factors, and that the district court abused its discretion in substituting its own judgment by re-weighing those factors.

The district court recognized that Moore was eligible for a sentence reduction, and it found correctly that Moore's original sentence was within his new guidelines range. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). The district court denied Moore's motion as a matter of discretion, referring specifically to the 18 U.S.C. § 3553(a) sentencing factors of the nature and circumstances of the offense, the need to promote respect for the law, and the need to provide adequate deterrence. Moore has not shown that the district court abused its discretion by denying him a sentence reduction. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Moore's appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.