# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1963

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Saul Ruiz, federal prisoner # 40607-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Following Ruiz's guilty-plea conviction of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, the district court imposed a sentence of 82 months of imprisonment, which term Ruiz is currently serving. *See* 21 U.S.C. §§ 841, 846. Ruiz asserts that he is entitled to a sentence reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50192

under Amendment 782 to the Sentencing Guidelines.  According to Ruiz, the district court erred by failing to consider his post-sentencing good conduct and by penalizing him twice in considering his arrest on drug charges while on pretrial release both at the original sentencing and in reviewing his § 3582 motion.

The district court, after implicitly finding that Ruiz was eligible for a reduction, denied Ruiz's motion as a matter of discretion.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  In exercising its discretion, the district court was aware of Ruiz's § 3582 motion, in which he argued for a lower sentence because of his post-sentencing good conduct while in prison.  Nonetheless, the district court concluded that the original sentence remained appropriate and not greater than necessary to meet the goals of § 3553(a).  Additionally, the district court indicated that, given Ruiz's violation of his pretrial release, a reduction in his sentence would diminish unduly the seriousness of that criminal conduct and would fail to deter future such criminal conduct.  Moreover, the district court noted that it had weighed carefully the relevant § 3553 factors at the original sentencing and determined that the 82-month sentence remained appropriate.

In light of the district court's consideration of Ruiz's § 3582 motion, the § 3553(a) factors, and Ruiz's history and characteristics, the record reflects that the district court sufficiently considered the appropriate factors and thus acted within its discretion in declining to reduce Ruiz's sentence.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.