# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIPE ESPARZA-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-520-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Felipe Esparza-Cruz, federal prisoner # 73034-280, was sentenced under the advisory Sentencing Guidelines to 87 months' imprisonment, after pleading guilty in 2011 to conspiracy to possess marijuana, with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and possession of marijuana, with intent to distribute, in violation of § 841. Esparza challenges the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2),

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

based on Amendment 782 to the Guidelines (retroactive application of lowered offense levels under the drug-trafficking guideline). *See* U.S.S.G. § 2D1.1. The district court considered the 18 U.S.C. § 3553(a) factors and the specific circumstances of the matter, and declined to exercise its discretion to reduce Esparza's sentence.

The denial of such relief is reviewed for abuse of discretion. *E.g., United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Sentencing "reductions under . . . § 3582(c)(2) are not mandatory . . . [and] merely give[ ] the district court discretion to reduce a sentence under limited circumstances". *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). If the court gave due consideration to the § 3582(c)(2) motion and the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Esparza contends: the court gave excessive weight to the manner in which his crime was committed; failed to give adequate weight to mitigating factors; and erred in determining that a reduced sentence would not address the relevant sentencing objectives. He further asserts the court failed to take into account that denial of relief would result in unwarranted sentencing disparities among similarly situated defendants.

The court gave due consideration to Esparza's motion and, as reflected in its stated reasons for the denial, determined a reduction was not merited in the light of the § 3553 factors and the circumstances of the case. *See id.* The court noted, *inter alia,* "the fraudulent and sophisticated means that [Esparza] used to smuggle . . . marijuana into the country, by using a 'cloned' [Border Patrol] vehicle and wearing clothes similar to . . . a [Border Patrol] agent" were extraordinary, and increased the seriousness of his offense. Moreover, it found a sentence reduction would: diminish the seriousness of that offense; fail to

provide sufficient punishment; and not protect the public from Esparza's future crimes. *See id.* at 1009.

Therefore, the court relied upon permissible factors in determining a reduction was not justified. Accordingly, Esparza has not shown the requisite abuse of discretion.

AFFIRMED.