# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNAL MEZA-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-351-2

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Bernal Meza-Flores, federal prisoner # 30940-177, filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his 210-month sentence for possession with the intent to distribute methamphetamine. The motion was based on Amendment 782 of the Sentencing Guidelines, which amended the drug quantity table set forth at U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels. *See* U.S.S.G., Appendix C,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11250

Amend. 782. Under the amended version of § 2D1.1(c)(1), 4.5 kilograms or more of methamphetamine triggers the highest base offense level, 38. *See* § 2D1.1(c)(1). The district court denied the motion. It determined that because Meza-Flores was held accountable for more than 4.5 kilograms of methamphetamine, his offense level was not reduced by Amendment 782.

Meza-Flores moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his § 3582(c)(2) motion. His motion is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 2020 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). If the appeal is frivolous, this court may dismiss it sua sponte under 5TH CIR. R. 42.2. *Baugh*, 117 F.3d at 202 n.24.

A § 3582(c)(2) motion is not a second opportunity to challenge the appropriateness of the original sentence. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). In determining whether a defendant is eligible for a sentence reduction based on an amendment to the Guidelines, the court "shall substitute only [the amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). The district court correctly determined that Meza-Flores was ineligible for a sentence reduction based on the drug quantity attributed to him at the original sentencing hearing. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). The appeal is without arguable merit; therefore, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.