# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-50773
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR DE HOYOS,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1709-1

———————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Hector De Hoyos appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, as well as his related motion for reconsideration, in which he sought a reduction of his 120-month sentence for conspiring to possess with the intent to distribute less than 50 kilograms of marijuana. De Hoyos argues that the district court abused its discretion in denying him a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effectively lowered most drug-related base offense levels.  De Hoyos contends that the district court gave excessive weight to his criminal history and failed to adequately consider the 18 U.S.C. § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities, and De Hoyos's post-sentencing conduct.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  The record establishes that the district court considered the § 3553(a) sentencing factors, as well as De Hoyos's post-sentencing conduct, in evaluating whether a sentence reduction was warranted. *See United States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).  De Hoyos has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion based on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Henderson*, 636 F.3d 713, 717-18 (5th Cir. 2011).  Accordingly, the district court's judgment is AFFIRMED.