# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30854
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO WARDELL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-100-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pedro Wardell Brown, federal prisoner # 25032-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his sentence for conspiracy to possess with intent to distribute 220 grams of crack cocaine; possession with intent to distribute crack cocaine base; possession with intent to distribute crack cocaine within 1,000 feet of a public secondary school; and knowingly using and carrying a firearm in relation to a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30854

drug trafficking crime.  Brown argues that the district court abused its discretion in denying him a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines, which effectively lowered most drug-related base offense levels.  He asserts that the district court failed to give proper weight to his post-sentencing conduct, his network of supportive family and friends, and his expressed remorse for his criminal conduct.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).  The record establishes that the district court considered the 18 U.S.C. § 3553(a) sentencing factors as well as Brown's post-sentencing conduct in evaluating whether a sentence reduction was warranted.  *See United States v. Whitebird,* 55 F.3d 1007, 1009-10 (5th Cir. 1995); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).  Brown has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion based on an error of law or a clearly erroneous assessment of the evidence.  *See United States v. Henderson,* 636 F.3d 713, 717-18 (5th Cir. 2011).  Accordingly, the district court's judgment is AFFIRMED.