# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL EDWARD MCKINNEY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1867-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul Edward McKinney, federal prisoner # 07244-380, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. He complains that the district court erred in reducing his sentence to 132 months rather than to 120 months, which would represent a reduction comparable to the reduction he originally received below the applicable guidelines range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following the award of a four-level decrease for his substantial assistance, pursuant to U.S.S.G. § 5K1.1.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). The record establishes that, in assessing whether to grant a sentence reduction, the district court considered McKinney's pro se § 3582(c)(2) motion; the parties' joint § 3582(c)(2) motion and specific request for a 120-month sentence; the PSR and original and revised guidelines ranges of imprisonment; the Government's § 5K1.1 motion; the original sentencing proceedings; and counsel's argument at the evidentiary hearing on the § 3582(c)(2) motion. The district court exercised its discretion and granted a reduction below McKinney's already substantially reduced sentence, and the record further shows that, in doing so, the court considered the policy statement of § 1B1.10 and the § 3553(a) factors. McKinney thus cannot demonstrate any abuse of discretion on the district court's part. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *Evans*, 587 F.3d at 673.

McKinney's assertion that the district court was required to impose the sentence requested by the parties is patently incorrect, as is his argument that the district court was not permitted to consider the § 3553(a) factors in selecting the reduced sentence. *See Dillon v. United States*, 560 U.S. 817, 826 (2010); *Evans*, 587 F.3d at 673; § 1B1.10, comment. (n.1(B)). While he suggests that the district court did not sufficiently reduce his sentence, his argument is misguided. Because the district court was not obligated to reduce McKinney's sentence at all, the district court did not have to reduce it further than it did below the recalculated guidelines range. *See Evans*, 587 F.3d at 673.

No. 16-50252

Accordingly, the district court did not abuse its discretion by not granting McKinney a greater reduction in sentence. *See id.*

AFFIRMED.