# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-76-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jaime Torres, who is serving a 360-month prison sentence for money laundering and participating in a drug conspiracy, appeals the district court's decision to deny his motion for a sentence modification under 18 U.S.C. § 3582(c)(2). Through that motion, he requested that the court reduce his prison term based on Amendment 782 to the Sentencing Guidelines, which had the effect of retroactively lowering most drug-related base offense levels by two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50312

levels. He argues that, in denying the motion, the district court improperly failed to account for his post-conviction conduct and weighed the seriousness of his offense too heavily.

Torres, though, has not shown that the district court abused its discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The court correctly recognized that he was eligible for a sentence reduction; however, it denied the motion as a matter of discretion, referencing Torres's leadership role, his recruitment of family members to participate in his crimes, his use of his family's land in committing the offenses, and the large-scale nature of the criminal conduct, all of which were proper factors to consider. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); 18 U.S.C. § 3553(a)(1). It also had before it Torres's record of attending vocational training programs and heard counsel's arguments for a reduced sentence during the hearing; but, though a court may consider post-sentencing behavior in determining whether to grant a sentence reduction, it is not required to do so. *See* U.S.S.G. § 1B1.10, p.s, comment. (n.1(B)(iii)). A district court does not abuse its discretion in denying a § 3582(c)(2) motion where, as here, it gives due consideration to the motion and the § 3553(a) factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.