# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY EQUILUZ ALFARO, also known as Gordo, also known as G2, also known as G.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-42-3

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Gary Equiluz Alfaro, federal prisoner # 43041-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. He contends that the district court abused its discretion in denying his § 3582(c)(2) motion in a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10054

"Blanket Form Order" without meaningfully considering the relevant factors, specifically, his post-sentencing rehabilitative efforts.

The district court correctly recognized that Alfaro was eligible for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). However, the district court was under no obligation to grant him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Alfaro's arguments in favor of a sentence reduction, including his post-sentencing rehabilitative efforts, were set forth in his § 3582(c)(2) motion. His post-sentencing conduct, both positive and negative, was also addressed in the probation officer's worksheet. In denying Alfaro's § 3582(c)(2) motion, the district court noted that he had several disciplinary cases, the most recent one less than two months prior to the court's order. Because the record shows that the district court gave due consideration to Alfaro's § 3582(c)(2) motion, as well as the applicable policy statements and sentencing factors, Alfaro has not shown that the district court abused its discretion in denying the motion. *See United States v. Henderson*, 636 F.3d 713, 717-18 (5th Cir. 2011); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Accordingly, the district court's judgment is AFFIRMED.