# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40797
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTIS RYAN MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-347-2

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Artis Ryan Miller, federal prisoner # 37382-177, was convicted by a jury of conspiring to possess with intent to distribute in excess of 1,000 kilograms of marijuana and possession with intent to distribute in excess of 100 kilograms of marijuana. He moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction under Amendment 782 to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40797

Sentencing Guidelines.  Miller argues that the district court erred by failing to correctly determine drug quantity at his original sentencing and should not have relied upon that erroneous determination to deny his § 3582(c)(2) motion. He also argues that the district court erred by denying relief based upon the determination that he obstructed justice, which was erroneous when made at his original sentencing.

By moving for leave to proceed IFP, Miller challenges the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Miller's challenge to issues that were resolved at his original sentencing hearing lacks merit, as issues that relate to original sentencing determinations may not be relitigated in a § 3582(c)(2) proceeding.  *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).  As the district court's decision reflects consideration of Miller's motion and the 18 U.S.C. § 3553(a) factors, the denial of the motion was not an abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

This appeal does not present a nonfrivolous issue.  *See Howard,* 707 F.2d at 220.  Miller's IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.