# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

No. 19-40234
Summary Calendar

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

JOSE ANGEL MARICHALAR, JR., also known as Pecas, also known as Pepin,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-831-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

　　Jose Angel Marichalar, Jr. appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). He contends that he merits a sentence reduction under Amendment 782 to the Sentencing Guidelines, which became effective November 1, 2014. *See* U.S.S.G. App. C, Amend. 782. He also asserts his entitlement to a reduction because the district

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40234

court erroneously calculated the amount of marijuana for which he was held accountable and therefore his base offense level.

We review the district court's denial of Marichalar's motion under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). That section permits the discretionary modification of a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Courts must consider the factors under 18 U.S.C. § 3553(a) and determine whether a reduction is consistent with applicable policy statements by the Commission. 18 U.SC. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In sentencing Marichalar, the court applied the 2016 version of the Guidelines, which incorporated Amendment 782. Marichalar therefore cannot contend that Amendment 782 somehow lowered his sentencing range—the district court's original Guidelines calculation gave Marichalar the benefit of Amendment 782 because it applied the 2016 Guidelines. He is therefore not eligible for a reduction under § 3582(c)(2) because he fails to satisfy the statute's threshold requirement. *See* 18 U.S.C. § 3582(c)(2).

Marichalar's other contentions about the district court's calculation of his drug quantity and offense level are not properly brought in a proceeding under § 3582(c)(2). A proceeding under that section is not a full resentencing and is not an opportunity for a prisoner to challenge his original sentence. 18 U.S.C. § 3582(c)(2); *United States v. Whitebird*, 55 F.3d 1007, 1011, (5th Cir. 1995).

The district court thus did not abuse its discretion in denying Marichalar's motion. AFFIRMED.

2