# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL DE LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-177-1

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose Angel De Luna, federal prisoner # 85503-380, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction in light of Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP in this court, De Luna challenges the district court's denial of his motion for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). De

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50417

Luna must demonstrate that he will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Section 3582(c)(2) permits the modification of a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010). If the defendant is eligible for a reduction, the district court then determines whether in its discretion a reduction is warranted in consideration of any applicable § 3553(a) factors. *Dillon*, 560 U.S. at 826.

Guidelines Amendment 782 became effective on November 1, 2014. De Luna was sentenced on July 9, 2018, after the effective date of the amendment, and the 2016 Guidelines Manual, which incorporated Amendment 782, was used to determine De Luna's offense level. Thus, his term of imprisonment was not based on a sentencing range that was subsequently lowered by Amendment 782, and he was not eligible for a reduction under § 3582(c)(2) on account of Amendment 782. § 3582(c)(2).

De Luna's other contentions concerning his indictment, relevant conduct, and Presentence Report are not properly brought in a proceeding under § 3582(c)(2). A proceeding under that section is not a full resentencing and is not an opportunity for a prisoner to challenge his original sentence. § 3582(c)(2); *United States v. Whitebird*, 55 F.3d 1007, 1011, (5th Cir. 1995). Additionally, to the extent De Luna's contentions concerning relevant conduct can be construed as an argument that he is entitled to § 3582(c)(2) relief based on Amendment 790, his contention is unavailing. *See* § 1B1.10(d).

Because De Luna has not presented a nonfrivolous issue for review, his request for leave to proceed IFP is DENIED. The appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202.

2